## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

IN RE: JOHN DAVID FRANCIS, III            CASE NO. 19-10200

       ANGELA LYNN FRANCIS            CHAPTER 7
       fka Angela Day Francis

       DEBTORS

### MOTION FOR RELIEF FROM AUTOMATIC STAY (REAL PROPERTY) AND FOR ABANDONMENT

Specialized Loan Servicing, LLC ("Movant"), hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay, and for abandonment, with respect to certain real property of the Debtor being describe as **_16456 Long Lake Drive, Prairieville, Louisiana 70769_** (the "Property"), for all purposes allowed by law, the Note (defined below), the Mortgage (defined below), and applicable law, including but not limited to the right to foreclose. In further support of this Motion, Movant respectfully states:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed with respect to the Debtor(s) on February 22, 2019.

2. The Debtor(s), John D Francis III, has/have executed and delivered or is/are otherwise obligated with respect to that certain promissory note in the original principal amount of $374,300.00 (the "Note"). A copy of the Note is attached hereto as Exhibit 1. Movant is an entity entitled to enforce the Note.

3. As evidenced by the assignments, endorsements, and/or allonges attached to the Note, the Note was transferred to Movant as follows: The Promissory Note was made payable to Entrafund Home Mortgage LLC, a Limited Liability Company, but was subsequently assigned to Movant. See Exhibit 1 hereto.

4.  Pursuant to that certain Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor(s) under and with respect to the Note and the Mortgage are secured by the Property. The lien created by the Mortgage was perfected by recording of the Mortgage in the office of the Clerk of Court for the Parish of Ascension on October 6, 2016, Instrument No. 00907982. A copy of the recorded Mortgage is attached hereto as Exhibit 2.

5.  Debtor(s) executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

6.  All rights and remedies under the Mortgage have been assigned to the Movant pursuant to that certain assignment of mortgage, a copy of which is attached hereto as Exhibit 3.

7.  Specialized Loan Servicing, LLC services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor(s) obtain(s) a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the Note. The Note is either made payable to Movant or has been duly endorsed.

8.  As of **June 11, 2019**, the outstanding amount of the Obligations less any partial payments or suspense balance is **$390,513.13**.

9.  The following chart sets forth the number and amount of contractual payments due pursuant to the terms of the Note that have been missed by the Debtor(s) as of *June 11, 2019*:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 2 | 03/01/2019 | 04/01/2019 | $2,380.43 | $4,760.86 |
| 2 | 05/01/2019 | 06/01/2019 | $2,489.10 | $4,978.20 |
| Less contractual partial payments (suspense balance): | | | ($0.00) | |

**Total: $9,739.06**

10. The estimated market value of the Property is $394,000.00. The basis for such valuation is the debtor's filed Schedule A/B and D.

11. Upon information and belief, the encumbrances on the Property listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to Movant, are: (i) Movant **($390,513.13)**.

12. Movant alleges and avers that the herein described immovable property has little to no equity and/or is of inconsequential value to the bankrupt estate and is unworthy of administration and/or disposition by the Trustee and should be abandoned from said bankrupt estate.

13. Cause exists for relief from the automatic stay for the following reasons:

(a) Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have little to no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stays and granting the following:

1. Abandonment and Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

    2.      Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

    3.      That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

    4.      That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

    5.      For such other relief as the Court deems proper.

Baton Rouge, Louisiana, this __24th__ day of __June__, 2019.

RESPECTFULLY SUBMITTED:

LAW OFFICES OF HERSCHEL C. ADCOCK, JR.
BY: /S/ HERSCHEL C. ADCOCK, JR.
HERSCHEL C. ADCOCK, JR. (LBRN: 17903)
ALICIA B. COOK (LBRN: 33072)
P. O. BOX 87379
BATON ROUGE, LA 70879-8379
PHONE: (225) 756-0373
OUR FILE: 35954.B